**Carl A. GONZALEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00093–CR.**

Court of Appeals of Texas,
San Antonio.

May 12, 1982.

Jesse Roy Botello, San Antonio, for appellant.

Bill White, Dist. Atty., Peter A. Sakai, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for burglary of a building. The jury found the appellant guilty and, following a finding that an enhancement paragraph was true, assessed punishment at fifteen years' confinement. The sufficiency of the evidence is not challenged.

Appellant raises two grounds of error. First, we will address the sole ground of error relating to the trial on the merits.

In his second ground of error, appellant argues that the trial court erred in admitting testimony regarding blood comparisons. Appellant does not question the competence or the qualifications of witness Patricia Lux as a criminalist expert in blood comparisons; rather, appellant maintains that Lux's testimony was so speculative as to improperly influence the jury.

Criminalist Lux testified that she analyzed and compared blood samples collected from (1) a blood scraping on a broken window at the scene of the crime and (2) a piece of white cloth discarded by appellant and recovered by a San Antonio police officer at the time of appellant's arrest. Lux concluded that the two blood samples were consistent with each other as a result of six different blood tests she performed. Lux noted that only one person out of a hundred of the "Chicano" population would have the combination of chemical elements in his blood that she found in the samples. Appellant then objected to Lux's testimony because of the allegedly speculative nature of estimating the degree of probability.

Appellant refers to further testimony by Lux whereby Lux admitted that she did not take a blood sample from the appellant, did not know appellant's blood type, and concluded that appellant was a "Chicano" based solely upon the fact that his last name was Gonzales.

■ Before an expert's opinion testimony may be admitted into evidence, *Chambers v. State*, 568 S.W.2d 313, 325 (Tex.Cr.App.1978) and *Hopkins v. State*, 480 S.W.2d 212, 218 (Tex.Cr.App.1972) require

that (1) the witness must be competent and qualified to testify; (2) the subject must be one upon which the aid of an expert's opinion will assist the jury; and (3) the witness' testimony must not state a legal conclusion. Appellant's argument relates solely to the weight to be given to Lux's testimony, thus the fact that her testimony dealt with probability does not render her testimony inadmissible. *See Brown v. State*, 475 S.W.2d 938, 952 (Tex.Cr.App.1971); *and Wallace v. State*, 458 S.W.2d 67, 71 (Tex.Cr.App.1970). Therefore, appellant's second ground of error is overruled.

The substance of appellant's first ground of error is that the trial court erred in failing to grant his motion for new trial. Specifically, appellant maintains that he was denied a fair and impartial trial as a consequence of alleged jury misconduct.

On the hearing of appellant's motion for new trial, the attorney for appellant attempted to introduce evidence that jury misconduct occurred. The trial judge denied appellant the opportunity to present any evidence on this issue because the affidavit of appellant's counsel attesting to these allegations was not properly notarized.[1] Moreover, the trial judge quashed appellant's subpoenas for the jurors who could testify to the alleged jury misconduct and the judge refused to permit the appellant's attorney to perfect his bill of exception to the court's ruling.

■ Although the appellant's counsel's affidavit was not notarized, the defect was harmless error which could have been corrected. As long as no unnecessary delay will occur, counsel may properly request the opportunity to swear to an affidavit in open court. Cf. *Prince v. State*, 158 Tex.Cr.R. 320, 254 S.W.2d 1006, 1010–1011 (1953)

[where the Court of Criminal Appeals held that as long as no unnecessary delay would occur, counsel may add an additional affidavit of a juror alleging misconduct to a motion for new trial]. In this case it is clear that the defect could have been corrected in court and no unnecessary delay would have occurred.[2]

Having found that error occurred, we must next decide whether the error was harmful. We abate the appeal and remand this cause back to the trial court to conduct a hearing to develop evidence on appellant's motion for new trial. This cause is remanded in order that we may determine whether jury misconduct occurred and, if so, whether that misconduct requires reversal.[3] Clearly, there are existent difficulties in remanding this cause. *See Brandon v. State*, 599 S.W.2d 567, 573–574 (Tex.Cr.App. 1980).

Consequently, we order that the trial court permit appellant to properly attest to his motion for new trial. Furthermore, we order an evidentiary hearing be conducted on appellant's motion for new trial with findings of fact and conclusions of law to be filed, in order that appellant's claims of jury misconduct may be resolved prior to final disposition of this appeal. *See Caballero v. State*, 587 S.W.2d 741 (Tex.Cr. App.1979); *King v. State*, 502 S.W.2d 795 (Tex.Cr.App.1973); *Kincaid v. State*, 500 S.W.2d 487 (Tex.Cr.App.1973); *and Hullum v. State*, 415 S.W.2d 192 (Tex.Cr.App.1967).

This cause is abated and remanded to the trial court for the purpose of conducting an evidentiary hearing within 90 days from the date of this opinion, to determine whether appellant's claims of jury misconduct are meritorious. A record of that proceeding shall be prepared in the manner prescribed by Tex.Code Crim.Pro.Ann. art. 40.09 (Ver-

---

1. The defective affidavit contained sufficient facts showing why appellant's counsel was unable to secure jurors' affidavits attesting to jury misconduct and also contained facts showing other circumstances sufficient to make it incumbent upon the trial court to hear the evidence on this issue.

2. We note that several jurors were present and available to testify at the motion for new trial,

but as a result of the trial court's ruling were dismissed.

3. We believe that the logic in *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.1980), and *Caballero v. State*, 587 S.W.2d 741 (Tex.Cr.App. 1979) may be extended to this fact situation so that unnecessary reversals can be avoided where none are required.

non Supp.1982) and transmitted to this Court for further disposition.

IT IS SO ORDERED.