Vernon Eugene APPLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 63962.

Court of Criminal Appeals of Texas, en banc.

March 23, 1983.

Larry Green, Joe Weis, Greenville, for appellant.

Jerry Spencer Davis, Dist. Atty., Greenville, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

Appellant was convicted by a jury of forgery. Punishment, enhanced by allegation and proof of two prior felony convictions, was assessed at life imprisonment.

Initially appellant urges the court erred in overruling his motion to dismiss the indictment for the failure of the State to comply with the Speedy Trial Act (Article 32A.02, V.A.C.C.P.).

A complaint charging the primary offense was filed in a Justice of the Peace Court on January 30, 1979. An arrest warrant was issued the same date. Appellant was arrested on February 16, 1979.

Appellant was indicted on April 27, 1979. On May 11, 1979, he was arraigned, counsel was appointed to represent him, and the case was set for June 18, 1979. On June 18, the case was re-set for July 23, 1979. On July 24, 1979, prior to the voir dire examination of the jury panel, the appellant filed a motion to set aside the indictment for failure to comply with Article 32A.02, supra. On the same date prior to trial the court conducted a hearing on said motion.

Appellant called the district clerk as a witness. She testified that the first notation on the docket sheet that the State was ready was June 18, 1979, when both sides announced ready. No other instrument indicated any announcement of ready by the State. On cross-examination the district attorney elicited from the district clerk that at arraignment, as far as she knew, the district attorney "announced ready on practically all the cases"; that the State ordinarily announces ready "the best I can recall." The district clerk stated, however, the docket sheet did not reflect any announcement of ready at the time of arraignment. She did not testify she had any personal knowledge of any announcement of ready prior to June 18, 1979.

Thereafter there was a stipulation that 123 days elapsed from the time of arrest until June 18, 1979. Appellant argued to the court that under the Speedy Trial Act time begins to run from the filing of the complaint, and not the arrest which came later. The court overruled the motion to set aside the indictment.

Article 32A.02, § 2(a), V.A.C.C.P., provides:

"Sec. 2(a). Except as provided in Subsections (b) and (c) of this section, *a criminal action commences* for the purposes of this article *when* an indictment, information, or *complaint against the defendant is filed in court,* unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested." (Emphasis supplied.)

There is nothing in the record to show that the appellant came under the exception in the above quoted statute. Under the facts of this case the criminal action against the appellant commenced on January 30, 1979, when the complaint charging

the felony offense of forgery was filed.[1] The 120th day under the Speedy Trial Act in which the State had to announce ready for trial in a felony case would have been May 30, 1979, in the instant case.

Obviously, if the State announced ready at the May 11, 1979 arraignment, the State would have made a prima facie showing that it was ready for trial and shifted the burden to the appellant to show otherwise. *Scott v. State,* 634 S.W.2d 853 (Tex.Cr.App. 1982); *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). Failure to overcome a prima facie case would have justified the trial court's denial of appellant's motion. *Scott v. State,* supra; *Barfield v. State,* supra.

Appellant established through the district clerk the only record evidence as to when the State first announced ready was on June 18, 1979, after the 120 days from the filing of the complaint had elapsed. The district attorney elicited from the clerk on cross-examination that the State announced at arraignment "on practically all the cases" and ordinarily announces ready then "as best as I can recall," although the docket sheet in the instant case did not reflect an announcement of ready at arraignment on May 11, 1979. State called no witnesses as to what occurred at arraignment.

We cannot conclude from the evidence that the State established a prima facie case that it had in *this* case announced ready before the expiration of the 120 days. The only definite evidence was an announcement of ready on June 18, 1979, which came too late.

The court erred in overruling the motion to set aside the indictment for lack of a speedy trial.

In other grounds of error appellant complains the court's charge was fundamentally defective. In one he contends the indictment alleged he passed the forged check to Bobby McClure and the charge did not re-

quire the jury to find the check had been passed to McClure as alleged. The indictment alleged "And the said Vernon Eugene Apple passed said writing with knowledge that said writing was forged." Appellant contends the charge was fundamentally defective for omitting this phrase and failing to require the jury to find that this allegation was true. We need not reach these or other grounds of error in view of our disposition of the case.

■ We do observe, in passing, that there was error in the matter of proof of the prior convictions alleged for enhancement of punishment.

The indictment alleged that on June 14, 1962,[2] appellant had been convicted of unlawfully passing as true a forged instrument in writing in the Criminal District Court of Harris County, and subsequently was convicted on February 5, 1965 of the offense of forgery by alteration in the Criminal District Court No. 4 of Harris County.

V.T.C.A., Penal Code, § 12.42(d), provides:

"(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, *and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final,* on conviction he shall be punished by confinement in the Texas Department of Corrections for life." (Emphasis supplied.)

To prove the prior convictions the State called a fingerprint expert who testified that appellant's known fingerprints, taken by the witness, were identical with the fingerprints in the pen packets relating to the alleged prior convictions. The pen packets, including the judgments and sentences, were introduced. No other evidence was introduced as to the prior convictions alleged.

1. The State erroneously argues that the time began to run on the date of arrest, and sets forth the date of the arraignment as May 1, 1979. This date is also wrong. Thus, the time computation by the State is inaccurate.

2. The evidence shows that the correct date of conviction was June 8, 1962, and there was an error in the allegation as to the date.

Thus there was no evidence that the second prior conviction for forgery by alteration in 1965 was for an offense that occurred subsequent to the first prior conviction in 1962 for unlawfully passing as true a forged instrument in writing. For the failure of such proof reversible error is presented. *Hernandez v. State,* 530 S.W.2d 563 (Tex.Cr.App.1975); *Garner v. State,* 552 S.W.2d 809 (Tex.Cr.App.1977). Since the jury was the trier of the facts at the penalty stage, the appellant would be entitled to a reversal. *Williams v. State,* 596 S.W.2d 903 (Tex.Cr.App.1980), if the case was not being reversed on another ground. And if the reversal and remand were on this latter basis, the State would be precluded from using the second prior conviction alleged for the purpose of enhancement of punishment in any re-trial. *Cooper v. State,* 631 S.W.2d 508 (Tex.Cr.App.1982).

Since, however, the appellant was entitled to a dismissal of the indictment under the Speedy Trial Act, the judgment is reversed with directions to set aside the indictment and dismiss the prosecution.