**Bruce Wade SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63984.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 19, 1983.

Rehearing Denied Nov. 30, 1983.

Paul Tatum, Nacogdoches, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

Upon a plea of not guilty by reason of insanity, Bruce Wade Smith, appellant, was convicted by a jury of murdering his father. The jury also assessed appellant's punishment at life imprisonment in the penitentiary. Because the trial court reversibly erred in not granting appellant's "Motion To Dismiss For Failure To Comply With The Speedy Trial Act," we will reverse the conviction and order the prosecution dismissed.

The facts of the case on this issue reflect that on October 8, 1977, appellant was arrested for committing the offense of capital murder of his father. On November 14, 1977, he was indicted.[1] Thereafter, a jury trial occurred on appellant's competency to stand trial. On December 6, 1977, the jury found appellant competent to stand trial.

Several months later, on March 21, 1979, appellant filed his "Motion To Dismiss For Failure To Comply With The Speedy Trial Act." A formal hearing was held on the motion. The record reflects the following, regarding the hearing and the trial court's disposition of the motion:

THE COURT: All right, at this time the Court calls the State of Texas vs. Bruce Wade Smith, Cause Number 11,184. What says the State?

MR. BILL WARREN [District Attorney]: The State is ready.

THE COURT: What says the Defendant?

MR. PAUL TATUM [Defense Attorney]: Your Honor, at this time, the Defendant would like to urge its motion to dismiss under the provisions of the speedy trial act.

THE COURT: Overruled ...

We first observe that Art. 32A.01, et seq., V.A.C.C.P., the Speedy Trial Act, only has prospective application from July 1, 1978, the effective date of the Act. *Wade v. State,* 572 S.W.2d 533 (Tex.Cr.App. 1978); *Goocher v. State,* 633 S.W.2d 860 (Tex.Cr.App.1982). Thus, in this instance,

---

1. The State subsequently motioned the Court to eliminate the capital murder feature of the indictment. Appellant was thereafter prosecuted for committing the offense of murder of his father.

in making the determination whether the trial court correctly ruled on appellant's motion to dismiss, all periods of time prior to July 1, 1978, must be excluded.

█ By the provisions of the Act, until appellant timely and properly invoked the provisions of the Act, the State did not have to make any declaration or announcement that it was ready for trial, or that it had been in the past ready for trial, or that sufficient periods of time were excludable under the Act. See *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979); *Fraire v. State,* 588 S.W.2d 789 (Tex.Cr.App.1979).

However, once appellant timely filed and urged his motion to dismiss, which was made after the statutory 120 day time period had expired, see Art. 32A.02, Sec. 1(1), supra, which governs the time period where the offense is a felony, the trial court became obligated under the Act to grant the motion, *unless* the State established that it was then ready for trial *and* had been ready for trial at all times since the commencement of the criminal action, or it established that sufficient periods of time were excludable under the Act. In this instance, the statutory 120 days did not commence to run until July 1, 1978, because that is the date the Act went into effect. See *Barfield v. State,* supra; *Fraire v. State,* supra.

It is only in the instance where the State makes a declaration or announcement of readiness for trial within the statutory time period that the accused must rebut the State's announcement of ready for trial, i.e., produce evidence of the State's unpreparedness for trial. *Barfield v. State,* supra.

However, if the statutory time period has expired, and the accused invokes the Act, then the State must demonstrate both that it was then ready *and* had in fact been ready for trial at all times within the statutory time period, or else the State must demonstrate or establish that sufficient periods of time are excludable by the Act, in order to bring its announcement of readiness within the statutory 120 days. See *Apple v. State,* 647 S.W.2d 290 (Tex.Cr.App. 1983); *Lee v. State,* 641 S.W.2d 533 (Tex.Cr.

App.1982); *Jordan v. State,* 639 S.W.2d 477 (Tex.Cr.App.1982).

In this instance, the record is devoid of any evidence or assertion by the State that it had been ready within the statutory time period of 120 days, or 120 days from July 1, 1978. Nor does the State assert that any time periods are excludable after July 1, 1978.

The record clearly reflects that after July 1, 1978, at least 264 days, a period well in excess of the statutory 120 days, had elapsed before the State made its first and only announcement of ready for trial.

█ The State's perfunctory announcement of ready for trial on the day of trial, without any showing or claim that it had been in fact ready for trial within the statutory 120 day time limit, or that sufficient periods of time were excludable under the Act, was insufficient to establish a prima facie case that it was then ready for trial *and* had been ready for trial before the expiration of the statutory 120 days, or 120 days after July 1, 1978.

Therefore, the trial court erred in summarily overruling appellant's motion to dismiss the indictment for failure of the State to comply with the Speedy Trial Act.

The judgment is reversed with directions to the trial court to set aside the indictment and dismiss the prosecution.

MILLER, Judge, dissenting.

The majority reverses appellant's conviction because the trial court erred in summarily overruling appellant's motion to dismiss the indictment under the Speedy Trial Act. Although I agree that the trial court erred in summarily dismissing the motion without a hearing, I disagree with the majority's remedy. Instead of reversing the judgment with directions to set aside the indictment and dismiss the prosecution, I would abate the appeal and remand the cause to the trial court for a hearing.

The trial court, in summarily overruling appellant's motion to dismiss, denied the State an opportunity to announce whether it had been ready at all appropriate times

and denied appellant the opportunity to rebut any such announcement from the State.

In *Barfield v. State,* 586 S.W.2d 538 (Tex. Cr.App.1979) the Court said:

"Once the defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the State must declare its readiness for trial then and at the times required by the Act. This declaration is a prima facie showing of conformity to the Act (footnote deleted), but can be rebutted by evidence submitted by the defendant demonstrating that the state was not ready for trial during the Act's time limits." *Barfield,* supra at p. 542.

In this case, appellant had asserted his rights under the Speedy Trial Act by written pre-trial motion and had directed the court's attention to the motion and secured a ruling on the motion.

Since the State did not announce that it was ready during the appropriate time period, the majority relies in part on *Lee v. State,* 641 S.W.2d 533 (Tex.Cr.App.1982), and *Apple v. State,* 647 S.W.2d 290 (Tex.Cr. App.1983), for reversing the case and dismissing the indictment.

On first blush, both *Lee,* supra, and *Apple,* supra, would seem to be directly on point, but a closer examination reveals that in each of those cases, the trial judge conducted a hearing at which the State had the opportunity to retroactively announce ready but did not do so. In the case at bar, the State was not given the opportunity by the trial judge and thus it seems patently unfair and unjust to apply the *Lee* and *Apple* holding to this fact situation. I would allow the State an opportunity to show compliance with the Speedy Trial Act by abating this cause to the trial court for a hearing on appellant's Speedy Trial Act motion.

Although abating an appeal for hearing in the trial court is not frequently done, there is precedent for same in extreme cases. In *Hullum v. State,* 415 S.W.2d 192 (Tex.Cr.App.1966), we abated the appeal and directed that the trial court hold a hearing on defendant's federal claim of denial of due process. In *Kincaid v. State,* 500 S.W.2d 487 (Tex.Cr.App.1973), we abated the appeal and ordered the trial court to hold a hearing on defendant's claim of ineffective assistance of counsel, a hearing which the trial court had refused to hold prior to the time that defendant perfected his appeal. In *Gonzalez v. State,* 635 S.W.2d 180 (Tex.App.—San Antonio 1982), the San Antonio Court of Appeals ordered the trial court to hold a hearing on defendant's motion for new trial, a hearing which the trial judge had erroneously refused to hold prior to the time that defendant perfected his appeal.

Considering the circumstances of this case, I would abate this appeal and remand the case to the trial court to conduct a hearing on appellant's Speedy Trial Act motion. Accordingly, I dissent to the majority's action in reversing and dismissing this cause.

W.C. DAVIS and CAMPBELL, JJ., join.