James CARR, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–333–CR.

Court of Appeals of Texas, Corpus Christi.

May 16, 1985.

Donald Dailey, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a conviction of burglary of a habitation enhanced by two prior felony convictions. Appellant plead guilty and was sentenced to twenty-five years in the Texas Department of Corrections.

Appellant's sole ground of error on appeal is that the trial court erred in denying appellant's amended motion to dismiss the indictment for violation of the Speedy Trial Act. TEX.CODE CRIM. PROC.ANN. art. 32A.02 (Vernon Supp. 1966–1985). The Speedy Trial Act places the burden on the State to be ready for trial within specified time limits, which for felonies is 120 days. Appellant's right to pursue his claim under the Act was not lost by his subsequent plea of guilty. *Martin*

*v. State*, 652 S.W.2d 777 (Tex.Crim.App. 1983).

Appellant was arrested on October 25, 1983, placed in jail, and was indicted on November 3, 1983, for burglary of a habitation in Cause No. 83–CR–1011–A with enhancement by two prior felonies. The State filed a written announcement of ready on November 14, 1983. Appellant was moved from the Nueces County Jail to the Texas Department of Corrections on December 28, 1983, and was reindicted in Cause No. 84–CR–24A on January 6, 1984 for the same burglary of a habitation, with a change only in the enhancement allegations.[1]

On January 11, 1984, the State announced ready in Cause No. 84–CR–24A, but the appellant was in the Texas Department of Corrections, rather than in Nueces County. A bench warrant was issued on February 9, 1984 and appellant was returned to Nueces County Jail on February 11, 1984. The 120 day period allowed by the Speedy Trial Act, starting on the day of arrest, expired on February 22, 1984. On February 29, 1984, appellant entered a plea of not guilty.

The appellant filed a Motion to Dismiss because of violation of the Speedy Trial Act on March 13, 1984, which was heard on April 30, 1984. At that hearing, the State announced that it had been ready during the statutory 120 day period, but was not ready on April 30 because of the absence of a material witness. After the trial court denied appellant's motion to dismiss the indictment, trial was had that resulted in a hung jury and mistrial. Subsequently, the appellant plead guilty in Cause No. 84–CR–24A under a plea bargain agreement that expressly reserved his pre-trial motion.

In summary, the State made their announcement of ready for trial to the prior indictment in Cause No. 83–CR–1011–A on November 14, 1983; to the instant indictment on January 11, 1984; and at the hearing on April 30, 1984. The last announcement was made after the 120 day period had expired. At the hearing, the State announced that it had been ready for trial during the statutory period, but was not ready to go to trial at the time of its announcement on April 30, 1984.

■ When the State's announcement is made after the period required by statute has expired, the State must demonstrate that it is ready at the time of the announcement and has been ready at all times during the statutory period, or else it must demonstrate or establish that sufficient periods of time are excludable under the Act. *Apple v. State*, 647 S.W.2d 290 (Tex. Crim.App.1983); *Smith v. State*, 659 S.W.2d 828, 830 (Tex.Crim.App.1983). The State failed to meet the test established by *Apple* and *Smith* as it was not ready for trial on the date of its announcement, and asked for a continuance due to the absence of a material witness.

■ The announcements of ready by the State prior to the expiration of the 120 days established a prima facie case of compliance with the Act, whereupon it became the burden of the appellant to rebut that presumption of readiness. *Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App.1979). The announcement of ready made on January 11, 1984, was rebutted by the appellant by his showing that he was in the Texas Department of Corrections from December 28, 1983, until February 11, 1984, and, thus, was out of the county on the date the State announced ready for trial. The presence of the defendant is essential to a criminal prosecution and is part of the State's readiness burden. The absence of the defendant rebuts the announcement of the State that it is ready for trial. *Newton v. State*, 641 S.W.2d 530 (Tex.Crim.App. 1982); *Lyles v. State*, 653 S.W.2d 775 (Tex. Crim.App.1983).

■ The State filed an announcement of ready on November 14, 1983, in Cause No.

---

1. The indictments are for the same transaction, differing only in the allegation of the second prior felony for enhancement. Cause No. 83–CR–1011–A alleges a conviction of *burglary of a habitation* on January 3, 1979, in Cause No. 279038, in the 182nd District Court of Harris County, Texas. The indictment in Cause No. 84–CR–24–A alleges that the conviction in No. 279038 on the same date and in the same court was for *theft*.

83–CR–1011–A, an indictment identical to the one in Cause No. 84–CR–24–A, except for a variance in the second conviction alleged for enhancement purposes. In *Perez v. State*, 678 S.W.2d 85 (Tex.Crim.App. 1984), the Court of Criminal Appeals held that an announcement of ready in a prior indictment charging the same offense, arising from the same transaction, but for the enhancement provision, was sufficient to make the prima facie showing of readiness in compliance with the act for the reindictment and to invoke the rule of *Barfield v. State, supra.*

We find that the State's announcement of ready filed on November 14, 1983, in Cause No. 83–1011A created a prima facie case of compliance with the Act that was not completely rebutted. The fact that the appellant was not present in the county during a portion of the 120 day period rebuts only that the State was not ready during the time of appellant's absence, but does not rebut the presumption that the State was indeed ready when it made its announcement of ready on November 14, 1983.

Appellant's ground of error is overruled and the judgment of the trial court is affirmed.