Jerry Marcus **JERNIGAN**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–84–110–CR.

Court of Appeals of Texas,
Fort Worth.

May 30, 1985.

Jackson, Sorrels, Shapiro & Anton and Bruce Anton, Dallas, for appellant.

Henry Wade, Dist. Atty., and Jeffrey E. Keck, Asst. Dist. Atty., Dallas, for the State.

Before ASHWORTH, JOE SPURLOCK, II, and HILL, JJ.

## ABATEMENT

ASHWORTH, Justice.

Appellant was charged by indictment with the offense of aggravated kidnapping, conduct proscribed by TEX.PENAL CODE ANN. sec. 20.04(a)(3) and (5) (Vernon 1974) (abduction with intent to facilitate flight after attempt to commit and commission of a felony—i.e., burglary of a habitation— and with intent to terrorize the victim of the kidnapping). This conduct is made punishable as a first or second degree felony depending on whether the victim was or was not voluntarily released by the defendant in a safe place. TEX.PENAL CODE ANN. sec. 20.04(b) (Vernon 1974). The indictment also alleged two prior felony convictions for the purposes of enhancement pursuant to TEX.PENAL CODE ANN. sec. 12.42(d) (Vernon Supp.1985).

The record before this court shows that appellant was arrested on January 8, 1983, for the instant crime which occurred on that date. In September of 1983, an indictment was returned and the State announced ready. Appellant was in continuous custody in this case since January 8, 1983. No waivers are reflected in the record. Appellant filed a timely motion to dismiss on speedy trial grounds, but did not request a hearing. TEX.CODE CRIM. PROC.ANN. art. 32A.01–02 (Vernon Pamp. 1966–1985).

At some unknown point in time, the word "Denied" was written on the motion, followed by the signature of the trial judge. The record before us does not reflect that a hearing was held on the motion nor that appellant re-urged the motion before the actual trial began.

Trial was to the jury which found appellant guilty of aggravated kidnapping as alleged in the indictment. However, it also found that the victim of the kidnapping, Vivian Kiser, was voluntarily released by the appellant in a safe place. Having found that both of the enhancement paragraphs contained in the indictment were true, the jury assessed appellant's punishment as confinement in the Texas Department of Corrections for life.

We abate the appeal and remand for a hearing on the speedy trial motion.

In the first of his eight grounds of error, appellant contends the trial court erred in failing to hold a hearing on appellant's speedy trial motion.

Appellant's motion to dismiss pursuant to the Speedy Trial Act is, in pertinent parts, set forth below:

### I.

The Defendant was charged by affidavit and information filed January 12, 1983, with the offense of aggravated kidnapping, aggravated robbery, unlawful possession of a firearm, and attempted burglary.

### II.

Since that time, more than *60 days* has [sic] elapsed, without the State's announcement that it is ready for trial in this cause, taking into account all suspensions of time due the State under the Speedy Trial Act.

### III.

Further, the State was not ready for trial after taking into account said suspensions of time within *60 days* in that the State had contacted no witnesses and had done no trial preparation within the time period.

[Emphasis added.]

 A motion to dismiss or discharge filed pursuant to TEX.CODE CRIM.PROC.

ANN. art. 32A.01–02 (Vernon Pamp.1966–1985) is sufficient to entitle the accused to an opportunity to present evidence on issues raised thereby if, when reasonably construed, it informs the trial judge of the basis of his complaint. *Noel v. State,* No. 827–83, 687 S.W.2d 320 (Tex.Crim.App.—1984) (motion for rehearing granted). *See also Zillender v. State,* 557 S.W.2d 515 (Tex.Crim.App.1977).

■ It is true that appellant's motion stated that more than *sixty days* had elapsed without the State's announcement of ready when in fact the motion should have recited that *one hundred twenty days* had elapsed as the subject offense was a felony. However, we find that this motion, reasonably construed, informed the trial judge of the basis of appellant's complaint because the offense to be tried was aggravated kidnapping, a felony. Additionally, the case was filed in a district court which has original jurisdiction in criminal cases of the grade of felony. TEX.CODE CRIM.PROC.ANN. art. 4.05 (Vernon Supp.1985).

■ We hold the motion was sufficient to apprise the court of appellant's complaint. The record before us is unclear as to whether the trial court denied the motion because he deemed it insufficient to invoke the protection of the Speedy Trial Act, or whether he summarily denied it on the merits. In either event, and in view of our above holding that the motion was sufficient, it was error for the trial court to fail to hold a hearing to allow both sides an opportunity to present evidence. Accordingly, we abate this appeal and remand this case for a hearing on appellant's motion to dismiss for denial of a speedy trial. *Riggall v. State,* 590 S.W.2d 460 (Tex.Crim.App.1979).

We acknowledge that the Court of Criminal Appeals, in the later case of *Smith v. State,* 659 S.W.2d 828, 828 (Tex.Crim.App.1983), reversed a conviction and ordered the indictment dismissed where the trial court summarily overruled the appellant's speedy trial motion. However, the facts are distinguishable in that in *Smith,* a hearing was held, albeit very short, affording the State an opportunity to present evidence of compliance with the Speedy Trial Act. *Id.* at 829. In the case at hand, the record does not reveal any hearing was held.

We, therefore, grant appellant's requested relief, abate this appeal and remand for a hearing. A record of that hearing shall be prepared in the manner required by TEX.CODE CRIM.PROC.ANN. art. 40.09 (Vernon 1979) and transmitted to this court for further disposition.

It is so ordered.