**Brian Lewis CARTER, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–050–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 5, 1986.

Brian Lewis Carter, pro. se.

Henry Wade, Criminal Dist. Atty., and Constance M. Maher, Asst., Dallas, for State.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

## OPINION

HILL, Justice.

Brian Lewis Carter appeals his conviction by a jury of the offense of driving while his license was suspended. The jury assessed his punishment at two months confinement in the Dallas County Jail and a $500 fine. We are without a statement of facts because the trial court sustained the State's motion controverting Carter's claim of indigency as related to payment for the statement of facts. In a pro se brief, Carter presents eighteen grounds of error.

We affirm.

In his first ground of error Carter complains that the trial court erred by not dismissing this case because the information filed on August 2, 1984 was filed more than 60 days after his arrest in February, 1984.

■ No motion to dismiss for failure to comply with the Act was filed. In the absence of such a motion, nothing is presented for review. *See Ostoja v. State,* 631 S.W.2d 165, 167 (Tex.Crim.App.1982). In effect, Carter further asserts that he was denied the effective assistance of counsel by the failure of his court-appointed attorney to present such a motion to the trial court.

■ The burden of proving ineffective assistance of counsel falls on the appellant and such a contention must be proved by a preponderance of the evidence. *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App. 1984). The United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), enunciated a two-pronged test to determine whether counsel was ineffective in his assistance at trial. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment of the United States Constitution. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* 466 U.S. at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

■ The standard to be used in gauging the effectiveness of counsel, whether appointed or retained, is "reasonably effective assistance of counsel", meaning "counsel reasonably likely to render and rendering effective assistance." *Ex parte Raborn,* 658 S.W.2d 602, 605 (Tex.Crim.App. 1983); *Ex parte Duffy,* 607 S.W.2d 507, 516 (Tex.Crim.App.1980). In applying this standard, the adequacy of an attorney's services on behalf of an accused must be gauged by the totality of the representation. *Ex parte Raborn,* 658 S.W.2d at 605; *Romo v. State,* 631 S.W.2d 504, 507 (Tex. Crim.App.1982). Any claim of ineffective assistance of counsel must be determined upon the particular circumstances of each individual case. *Mercado v. State,* 615 S.W.2d 225, 227 (Tex.Crim.App.1981); *Johnson v. State,* 614 S.W.2d 148, 149 (Tex. Crim.App.1981). Though the accused in a criminal proceeding is entitled to "reasonably effective assistance" of counsel, this does not mean errorless counsel or counsel judged by hindsight. *Saylor v. State,* 660 S.W.2d 822, 824 (Tex.Crim.App.1983). Judicial scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App.1984). The fact that another lawyer might have pursued a different course of action in representing the accused will not support a

finding of ineffective assistance of counsel. *Hawkins v. State,* 660 S.W.2d 65, 75 (Tex. Crim.App.1983).

■ A timely announcement of "ready" is a prima facie showing of the State's readiness for trial as required by the Speedy Trial Act. *See Phillips v. State,* 659 S.W.2d 415, 419 (Tex.Crim.App. 1983). When the State announces readiness for trial during the statutory time period applicable to the case, the burden shifts to the defendant to rebut the prima facie showing by producing evidence of the State's unpreparedness for trial. *Smith v. State,* 659 S.W.2d 828, 830 (Tex.Crim.App. 1983). If the applicable statutory time period has expired and the accused invokes the Act, the State must demonstrate both that it was then ready and had been ready for trial at all times within the statutory period, or the State must establish that sufficient periods of time were excludable under the Act in order to bring its announcement of readiness within the statutory period. *Id.*

■ The Speedy Trial Act addresses itself to prosecutorial delay and not to delay resulting from the congestion of the trial court's dockets or the judicial process as a whole. *See Phillips v. State,* 651 S.W.2d 745, 746 (Tex.Crim.App.1983); *Barfield v. State,* 586 S.W.2d 538, 540 (Tex.Crim.App. 1979).

■ The Speedy Trial Act does not require that the State be ready with a perfect indictment or information. Even though the defect in the charging instrument is such that it would require a mistrial or reversal of a conviction, the presence of such a defect does not necessarily indicate that the State was not ready for trial. *Ward v. State,* 659 S.W.2d 643, 647 (Tex. Crim.App.1983). A defective indictment or information is treated in much the same manner as other causes for trial delay with the nature of the defect and the length and reasonableness of the delay weighed in determining whether or not the State was, in fact, not prepared for trial. *Id.*

■ The record reflects that the information was refiled on August 2, 1984. Since the record does not reflect when any prior information was filed, nor the nature of the prior information, it does not reflect whether or not the State was ready during the 60-day period following Carter's arrest. Carter has, therefore, not met his burden of showing that the State was not ready. Since we cannot determine whether or not the Speedy Trial Act should have been invoked on behalf of Carter, we are unable to determine whether or not the failure of his counsel to file such a motion constituted ineffective assistance of counsel. We overrule ground of error number one.

■ In ground of error number two, Carter contends that the County Criminal Court of Dallas County had no jurisdiction in this cause. The legislature has characterized the offense for which Carter was convicted as a misdemeanor. TEX.REV. CIV.STAT.ANN. art. 6687b, sec. 34 (Vernon Supp.1986). TEX.CODE CRIM.PROC. ANN. art. 4.07 (Vernon 1977) provides that "[t]he county courts shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed two hundred dollars." TEX.CODE CRIM.PROC.ANN. art. 4.11 (Vernon 1977) provides that "[j]ustices of the peace shall have jurisdiction in criminal cases where the fine to be imposed by law may not exceed two hundred dollars." It therefore follows that the county courts of Dallas County have jurisdiction over this misdemeanor because it carries a maximum fine of five hundred dollars. Further, TEX.REV.CIV.STAT.ANN. art. 1970–31.-10, sec. 2 (Vernon Supp.1986) provides that "[t]he county criminal court of Dallas County, Texas, shall have and same is hereby vested with concurrent jurisdiction within the said county of all criminal matters and causes, original and appellate that is now vested in the county courts having jurisdiction in civil and criminal cases under the Constitution and laws of Texas, except as provided in Section Three of this Act." Section three of the Act does not exclude misdemeanors from the jurisdiction of the

County Criminal Court of Dallas County. We overrule ground of error number two.

■ In ground of error number three, Carter urges that the trial court erred by not requiring the State to produce more than one witness. In the absence of a statement of facts, nothing is presented for review because the record before us does not reflect the number of witnesses presented by the State. *See Beck v. State*, 583 S.W.2d 338, 348 (Tex.Crim.App.1979). In any event, we interpret the language in TEX.CODE CRIM.PROC.ANN. art. 1.05 (Vernon 1977), which affords the accused to have the right to be confronted by the "witnesses against him", as speaking to the right of confrontation and not to the number of witnesses required for a conviction. We overrule ground of error number three.

■ In ground of error number four, Carter asserts that a six-member jury or any jury of less than twelve members is unconstitutional. TEX.CODE CRIM. PROC.ANN. art. 33.01 (Vernon 1966) provides for six-member juries in county courts. Such a provision is not in violation of Carter's right to trial by jury as guaranteed by the United States Constitution. *See Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). We overrule ground of error number four.

■ In ground of error number five, Carter argues that he has a constitutional right to travel on the public highways which the legislature may not take away by the requirement of a license. It is true that the right to travel interstate is a fundamental right under the United States Constitution. *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 254, 94 S.Ct. 1076, 1080, 39 L.Ed.2d 306 (1974); *Shapiro v. Thompson*, 394 U.S. 618, 629–30, 89 S.Ct. 1322, 1328–29, 22 L.Ed.2d 600 (1969). However, we agree with the Supreme Court of Colorado that the revocation of a driver's license for violation of the traffic laws of the state does not unconstitutionally burden such right. *See Heninger v. Charnes*, 200 Colo. 194, 613 P.2d 884, 887

(1980). We also agree with the holding of the Colorado court that the issuance of a driver's license does not confer upon the licensee a right that is independently entitled to protection against any and all governmental interference or restriction. *Id.* We overrule ground of error number five.

■ Carter urges in ground of error number six that the trial court erred in not forwarding the statement of facts and not including certain specified documents filed by him as part of the transcript. There is no showing that Carter designated the omitted material for inclusion in the record, nor does the record reflect that Carter filed any objection to its omission, all as required by TEX.CODE CRIM.PROC.ANN. art. 40.09, secs. 2 and 7 (Vernon Supp. 1986). It would also appear that the statement of facts is not present because of Carter's failure to comply with the provision of TEX.CODE CRIM.PROC.ANN. art. 40.09, sec. 5 (Vernon Supp.1986). We overrule ground of error number six.

In ground of error number thirteen Carter asserts that the trial court erred by failing to allow the jury to determine the law of the case, as well as the facts. The Supreme Court of the United States has stated that the basic premise of the jury system is that the court states the law to the jury and that the jury applies that law to the facts as the jury finds them. *Delli Paoli v. United States*, 352 U.S. 232, 242, 77 S.Ct. 294, 300, 1 L.Ed.2d 278, 285 (1957). This basic premise is also contained in TEX.CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1981), which provides that "[u]nless otherwise provided in this Code, the jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." We overrule ground of error number thirteen.

In grounds of error seven, eight, nine, ten, eleven, twelve, fourteen, fifteen, sixteen, seventeen and eighteen, Carter urges various grounds of error but does not present us with authorities in support of his position. Carter cites authorities in connection with ground of error numbers nine and sixteen but in neither case do they

constitute any authority for reversal based upon the grounds of error presented by him. We find that nothing is presented for review by these grounds of error. *See McWherter v. State,* 607 S.W.2d 531, 536 (Tex.Crim.App.1980). We have considered each of these grounds of error and they are overruled.

The judgment is affirmed.