Benjamin E. ROBBINS, III, Appellant,

v.

The STATE of Texas, State.

No. 2–85–197–CR.

Court of Appeals of Texas,
Fort Worth.

March 12, 1986.

Richard S. Podgorski, Denton, for appellant.

Jerry Cobb, Crim. Dist. Atty., and Jim E. Crouch, Asst., Denton, for State.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

### OPINION

HOPKINS, Justice.

The appellant pled not guilty whereupon a jury found him guilty of the misdemeanor offense of driving while intoxicated and assessed his punishment at one year confinement in the county jail, plus a fine of $250, to be probated. Judgment was entered in accordance with the verdict.

Appellant's sole ground of error alleges the trial court erred in denying appellant's motion for dismissal under the Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02, sec. 1(2) (Vernon Supp.1986).

The judgment is reversed and the cause is remanded with instructions.

A timely announcement of "ready" is a prima facie showing of the State's readiness for trial as required by the Speedy Trial Act. *See Phillips v. State*, 659 S.W.2d 415, 419 (Tex.Crim.App. 1983). When the State announces readiness for trial during the statutory time period applicable to the case, the burden shifts to the defendant to rebut the prima facie showing by producing evidence of the State's unpreparedness for trial. *Smith v. State*, 659 S.W.2d 828, 830 (Tex.Crim.App.

1983). If the applicable statutory time period has expired and the accused invokes the Act, the State must demonstrate both that it was then ready and had been ready for trial at all times within the statutory period, or the State must establish that sufficient periods of time were excludable under the Act in order to bring its announcement of readiness within the statutory period. *Id.*

A complaint and information alleging that on March 4, 1983 appellant committed the offense of driving while intoxicated bears a file date by the court clerk of March 22, 1983. The first two "Defendant's Announcements," although bearing no file date, show that the trial judge granted a continuance on April 4, 1983, continuing the trial to April 18, 1983. The State agreed to another continuance and the judge reset the case for May 9, 1983. The State's Request for Docket Setting, in which the State announced ready for trial, bears no file date, however, the judge's order granting the request and setting the case for January 17, 1984, was dated December 13, 1984 and bears a clerk's file stamped date of December 17, 1984. Upon hearing, the trial judge acknowledged that the trial setting should have shown a date of January 17, 1985, instead of 1984. The motion to dismiss under the Speedy Trial Act having been timely filed and urged was denied January 17, 1985. The case then went to trial on that same date. There also appears in the record an announcement of ready coupled with a plea bargain offer by the State, however, the instrument is not dated nor does it bear a file date by the court clerk.

There is no entry on the docket sheet of the filing of State's announcement of ready and there is no evidence the State requested a trial setting or announced that it was ready for trial until the "State's Request for Docket Setting." This instrument is likewise undated and the upper portion of the instrument, constituting the State's request, bears no file date stamp by the clerk's office. The only dates appearing thereon are the two previously mentioned December, 1984 dates. There was no testi-

mony offered by the State that it was ready for trial within the statutory time and that it had remained continuously ready.

For sake of argument, should we exclude from the time requirement of the Speedy Trial Act the period of time prior to May 9, 1983, the last setting resulting from the agreed continuances, the time lapse between May 9, 1983, and December 13, 1984, far exceeds the 90-day requirement of the Act.

 The State would argue that it routinely files an announcement of ready simultaneously with or shortly after the filing of the complaint and information. However, the court clerk testified that on some occasions the State does not file the announcements, and the clerk's office, when it catches the omission, notifies the District Attorney's office of the omission. What the State does "routinely" is no evidence of what was done in this case. The State points out that the undated announcement of ready contains a plea bargain offer that states the offer "will remain open only until the date" the case is called upon the court's announcement docket. It is argued that this is, in some way, proof that the State was ready for trial prior to April 4, 1983. We find these two arguments have no merit. The State argues that its acquiescence in the two continuances in order to reach a plea agreement is some evidence the State was ready for trial. This argument is likewise obviously without merit and does not warrant further discussion. Finally, the State argues that the State prosecutor's statements to the court, not under oath, to the effect that the State's witnesses had been available since filing the complaint and information is evidence of the State's readiness for trial. We disagree. The argument of counsel is not evidence and that the witnesses may have been available is not conclusive proof the State is in fact ready for trial.

There being nothing in the record indicating the State was ready for trial within the time prescribed by art. 32A.02, sec. 1(2), we sustain appellant's ground of error.

The judgment is reversed and the cause is remanded to the trial court with instructions to dismiss the complaint and information against appellant.