**Gayle Graham PARKHILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00143–CR.**

Court of Appeals of Texas, Dallas.

March 5, 1982.

T. Rick Frazier, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, STOREY and VANCE, JJ.

CARVER, Justice.

Gayle Graham Parkhill was convicted on trial de novo in the County Court of Criminal Appeals of the offense of speeding and a fine of one hundred and five dollars was imposed. We affirm.

On August 4, 1979, Parkhill was given a traffic citation for speeding returnable to the municipal court. She pleaded *nolo contendere* in municipal court on August 15, 1979, and an appeal bond was duly filed August 16, 1979. On September 19, 1979, the complaint, transcript, and appeal bond were filed in the County Court of Criminal Appeals. An announcement of ready was filed by the State on October 5, 1979, less than 30 days after the record was filed in the county court, but more than 30 days after the appeal bond was filed in the municipal court. At a pretrial hearing, Parkhill filed a motion to dismiss the complaint for failure to accord her a speedy trial, pursuant to Tex.Code Crim.Pro.Ann. art. 32A.02 (1978), which was overruled.

The narrow question presented for our review is whether the trial court properly overruled Parkhill's motion to dismiss for the failure to accord her a speedy trial. Parkhill argues that Art. 32A.02 § 1(3) provides that a complaint should be set aside on proper motion if the State does not announce ready for trial within the prescribed 30 day time period from the *commencement* of the criminal action. There is no case law establishing when the time period commences on an appeal leading to a *trial de novo* in the county court; however, Parkhill relies on an attorney general's opinion which holds that, as applied to a *trial de novo,* the criminal action "commences upon filing of an appeal bond in the municipal court." Tex.Atty.Gen.Op. No. H–1120 (1978). Relying on such opinion, Parkhill submits that her criminal action commenced on August 16, 1979, when her bond was filed and the State's failure to announce ready within 30 days thereafter required the county court to dismiss. We disagree and affirm.

In *Barfield v. State,* 586 S.W.2d 538 (Tex. Crim.App.1979), the court held that the Texas Speedy Trial Act, "is a scheme that addresses itself to prosecutorial delay rather than the judicial process as a whole." *Id.* at 541. In our case, Parkhill wants a dismissal based, not on prosecutorial delay, but on the administrative delay in transferring the papers and bond from the municipal court to the county court. A dismissal predicated on this theory would be contrary to the intent of the Speedy Trial Act.

Since there was no prosecutorial delay shown *after* the papers and bond were filed in the county court, and, since any delay shown *before* the papers and bond were filed in the county court was non-prosecutorial so as to be excused, Parkhill was not denied a speedy trial. *Barfield, supra,* at 541; Tex.Code Crim.Pro.Ann. art. 32A.02 § 4(10) (Vernon 1978). Since the trial court's ruling, which we affirm, did not rest on when the criminal action commenced in the county court, we need not discuss such contention.

Affirmed.