**Quintin KERNAHAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–82–00275–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 19, 1982.

Discretionary Review Granted
Feb. 16, 1983.

Walter M. Holcombe, Pecos, for appellant.

Mike Wade, Dist. Atty., Monahans, for appellee.

OPINION

PER CURIAM.

This is an appeal from denial of a petition for writ of habeas corpus. Petitioner complains of the trial court's action in denying his pretrial release on personal bond. Petitioner is pending trial on an indictment charging theft of services over $200.00 in value. He was arrested on June 23, 1982. An indictment was returned on September 24, 1982. This was quashed by the trial court, *sua sponte,* on September 27, 1982, at a bail reduction hearing. The indictment failed to allege an offense date. On the same day, the prosecutor filed a handwritten information, alleging the same felony offense, in an effort to retain the Petitioner in custody. There was no waiver of indictment by the Petitioner. The court proceeded to hear evidence on the bail reduction,

and did lower it from $5,000.00 to $2,500.00. On October 15, 1982, a new indictment was returned by the grand jury.

Petitioner is relying upon Code Crim.Pro. Article 17.151, which provides that a pretrial detainee *must* be released on personal bond or by reducing the amount of bail if the State is not ready within ninety days of the commencement of the action. The ultimate indictment in this cause was returned within the time limit prescribed by Article 32A.02. The initial indictment was returned on the ninety-fourth day after the action commenced, and it was quashed on the ninety-seventh. From September 27 to October 15, Petitioner was not held under valid authority. The handwritten felony information was not a proper basis for his detention. Tex.Code Crim.Pro.Ann. Articles 1.05 and 1.141.

■ Readiness for trial involves an assessment of prosecutorial preparedness, not trial court docketing delays. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). The existence of a valid charging instrument is as much an element of State preparedness as acquisition of the evidence, witness availability and presence of the defendant. *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980). This is a necessary implication of Article 32A.02 since it sets out the ramifications of the dismissal of a charging instrument in terms of computing the commencement date of a cause of action. The return of a valid indictment is not a function of the trial court but is the responsibility of the State's prosecutor, working through the grand jury. It is the prosecution which schedules presentation of cases to that body; produces the evidence for their consideration and prepares the indictments upon which the grand jury acts. Regardless of evidentiary preparedness, the State cannot be deemed ready for trial in the absence of a valid charging instrument.

The State responds that Petitioner should be estopped in this matter because preindictment restitutionary negotiations, instigated by his counsel, led the State to delay its presentation to the grand jury. We do not consider this a proper justification for tolling the limits of Article 17.151. Negotiations could have been readily continued under a timely, valid indictment. If successful, a simple motion to dismiss could have been exchanged for the restitution.

■ Having concluded that the State was not ready within ninety days of the commencement of the action, it is necessary to determine the conditions of Petitioner's *mandatory* release. The clear language of the statute indicates that he must be released either by reducing bail or by granting personal bond. The only testimony at trial was that Petitioner, not a resident of Texas, had just been released from the Texas Department of Corrections. He had no funds available and was unemployed. He was en route to Oregon to accept a $1,500.00 per month position as a boat captain when he stopped at the motel in Pecos and failed to pay his bill. He had contacted friends and relatives for assistance without success. His potential employer in Oregon could advance him the money upon completion of the employment contract, but he was at sea for five months and Petitioner was incarcerated in Pecos. His only significant asset was a 1978 pickup truck being used by a friend in Colorado. He did not know its exact location and had been unable to contact him. The friend had been using the truck for several years while Petitioner was in prison.

Under the circumstances demonstrated in the record, it is apparent that Petitioner is unable to meet even the reduced bail of $2,500.00. Article 17.151 dictates that he, therefore, be released upon personal bond. The terms and conditions of his release, such as geographic restrictions and reporting requirements, remain within the sound discretion of the trial court.

Petitioner's request for habeas corpus relief is hereby granted, and the trial court is hereby ordered to release Petitioner on personal bond, subject to such conditions as are consistent with Article 17.151 and the assurance of his appearance for trial.