John David TEAMER, Appellant,

v.

The STATE of Texas, Appellee.

No. 977–83.

Court of Criminal Appeals of Texas, En Banc.

Dec. 5, 1984.

Floyd W. Freed, III, Edward L. Lasof, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft and Patricia Saum, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Cathleen Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

This Court granted the petition for discretionary review that was filed on behalf of John Davis Teamer, appellant, in order to review the holding that the Houston

[Fourteenth] Court of Appeals made in *Teamer v. State,* (Tex.App.-Houston [Fourteenth] 1983), that the trial court did not err in denying the motion to dismiss the indictment that appellant had filed prior to trial. Appellant asserted in his motion that because the State had failed to comply with the Speedy Trial Act, see Art. 32A.02, V.A.C.C.P., he was entitled to have the indictment dismissed. The trial court disagreed and denied his motion. On appeal, the fourteenth court of appeals overruled his contention that the trial court had erred. We affirm.

All agree that the criminal action against appellant originally commenced on December 2, 1980, the day he was arrested for possessing with intent to deliver the controlled substance cocaine. In this instance, because of the provisions of the Speedy Trial Act, the State had 120 days from December 2nd, or until April 1, 1981, to be ready for trial, unless it could bring itself within the excludable time provisions provided for in the Act. Trial did not actually occur until May 4, 1981.

The State did not file its written announcement of ready until April 8, 1981, which was more than 120 days from the date the criminal action originally commenced against appellant. The record does not reflect that the State ever made any oral announcement of readiness. The written announcement of ready also does not reflect that the State was at all times ready for trial prior to April 8th. Without more, because more than 120 days had expired from the date the criminal action against appellant had commenced, it was incumbent upon the trial court to grant appellant's motion to dismiss the pending indictment. Furthermore, at no time, either orally or in writing, did appellant waive his right to a speedy trial as did the defendant in *Rosebury v. State,* 659 S.W.2d 655 (Tex. Cr.App.1983). The question we must answer now surfaces: Were there sufficient excludable times, as provided in the Speedy Trial Act, that excused the State from making an earlier announcement of ready? We answer the question in the affirmative.

The record reflects that a complaint was filed against appellant the day after his arrest. However, the complaint was signed on the same day of appellant's arrest. No prior felony convictions were alleged in the complaint-for enhancement of punishment purposes.

The record also reflects that on December 17, 1980, appellant was indicted by a Grand Jury of Harris County for the offense for which he was arrested. Two prior felony convictions were alleged in the indictment-for enhancement of punishment purposes.

On February 11, 1981, appellant filed a motion to quash the indictment, asserting therein that both of the alleged prior felony convictions were void. Subsequently, on March 23, 1981, appellant amended the motion to quash. He additionally asserted that the primary offense allegation was ineffective to give him notice of the offense he was accused of committing.

The record of appeal reflects that on March 24, 1981, the "indictment [was] quashed" by the trial judge. On the same day, after the indictment was dismissed, an assistant district attorney filed a new complaint against appellant, which alleged that appellant was guilty of possessing with intent to deliver the controlled substance cocaine. As to the primary offense, the allegations in the complaint are in all things identical to the above indictment. However, one of the prior felony convictions that had been alleged in the above indictment was replaced with another prior felony conviction.

On April 6, 1981, a reindictment, which was in all things substantively identical to the complaint that was filed on March 24, 1981, was filed against appellant.

On April 8, 1981, appellant, through counsel, filed a written motion to dismiss the reindictment, asserting therein that he was entitled to have the reindictment dismissed because the State had failed to satisfy the provisions of the Speedy Trial Act. See Art. 32A.02, supra. On that date, the State also filed a written announcement of ready for trial, but such motion was not

retrospective. After a hearing, appellant's motion to dismiss was denied by the trial judge.

Thereafter, trial commenced on May 4, 1981. A jury found appellant guilty as charged and assessed punishment, enhanced by the alleged two prior felony convictions, at life imprisonment. See V.T. C.A., Penal Code, Section 12.42(d), prior to recent amendment.

Appellant appealed his conviction and sentence to the Houston [Fourteenth] Court of Appeals. That court, relying upon one of its decisions, *Garcia v. State,* 625 S.W.2d 831 (Tex.App.—Houston [14th Dist.] 1981), pet. ref. 1982, rejected, inter alia, appellant's contention that the trial court had erred in denying his motion to dismiss because the State had failed to comply with the Speedy Trial Act. The court of appeals held that the State's announcement of ready, that was made on April 8, 1981, was timely because of certain "agreed resettings" that counsel for appellant had signed on behalf of appellant.

Among other things, *Garcia v. State,* supra, held that "agreed resettings of the case are clearly excluded from the time as 'a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel ...'" (833). Also see Art. 32A.04(3), supra. In this instance, the court of appeals concluded that because of the "agreed resettings," the time periods from March 25, 1981 until April 8, 1981, and from April 9, 1981 until May 4, 1981, should be excluded.

The "agreed resettings," however, do not reflect that they occurred only at the insistence of the appellant. They were neither signed by the appellant nor approved by the trial judge.

The reset form dated March 25th only reflects that it was signed by the respective attorneys for the parties and approved by the person who we assume was the court coordinator. The attorneys agreed that the cause would be reset from March 25th until April 8th, for "ARR," which we assume is an abbreviation for "arraignment." The April 8th form is in all things identical to the March 25th form except that the attorneys agreed that the cause would be reset from April 8th until May 4th, for "trial," which is the date trial actually commenced.

■ This Court has held in the past that until the Speedy Trial Act is timely and properly invoked by the accused, the State does not have to make any declaration or announcement of present readiness, or that it had been ready for trial since the criminal action commenced. Nor, until the accused invokes the Speedy Trial Act, is the State required to show that sufficient periods of time were excludable under the Act. *Smith v. State,* 659 S.W.2d 828 (Tex. Cr.App.1983). However, a written or oral announcement of ready by the State creates a prima facie case that the State is ready for trial and the burden then shifts to the accused to establish, if he can, that the State was in fact not ready for trial. *Santana v. State,* 658 S.W.2d 612 (Tex.Cr. App.1983).

■ In the instance where the statutory time period has expired, and the accused has timely and properly invoked the Act, and motions the trial court to dismiss the indictment because the State has failed to comply with the Act, it is incumbent upon the trial court to grant the motion to dismiss, unless the State establishes that it was then ready for trial *and* had been ready for trial at all times since the criminal action commenced, or it establishes that sufficient periods of time within the prescribed period of time are excludable under the Act. *Jordan v. State,* 639 S.W.2d 477 (Tex.Cr.App.1982); *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980). Thus, if the statutory time period has expired, and the accused has invoked the Act, then the State must demonstrate both that it was then ready *and* had been ready for trial at all times within the statutory time period, or else the State must demonstrate or establish that sufficient periods of time are excludable under the Act, in order to bring its announcement of readiness within the statutory 120 days. *Smith,* supra, at page

830. Notwithstanding what we have stated, we pause to point out that there is no requirement that the case proceed to trial within the Speedy Trial Act time limits; the Act only requires that the State be ready to proceed to trial within the prescribed period of time as provided for in the Act. *Phillips v. State*, 659 S.W.2d 415 (Tex.Cr.App. 1983).

■ In this instance, the record is devoid of any evidence, nor does the State assert to the contrary, that it had been ready within the statutory time period of 120 days, or 120 days from December 2, 1980, or on or before April 1, 1981. Its first and only announcement of ready for trial in this cause occurred on April 8, 1981.

The court of appeals held that the State's announcement of ready was timely made because it concluded that the period of time from March 25, 1981 through May 4, 1981 should be excluded because of the "agreed resets" that the appellant's attorney had signed on behalf of appellant. If this holding is correct, the State would be entitled to add 41 days beyond the 120th day, or April 1, 1981, thus extending the 120 days' time requirement to May 11, 1981. We find that the court of appeals reached the right result but for the wrong reason. See, however, *Paris v. State*, 668 S.W.2d 411 (Tex.Cr.App.1984); *Rosebury v. State*, supra; *Richardson v. State*, 629 S.W.2d 164 (Tex.App.-Dallas 1982), pet. ref'd 1982.

■ Art. 32A.02, Sec. 2(c), supra, of the Act expressly provides: "If an indictment, information, or complaint is dismissed on motion of the defendant, a criminal action commences for the purposes of the article when a new indictment, information, or complaint against the defendant is filed in court, unless the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is detained or released." [Emphasis added] In this instance, appellant was originally indicted on December 17, 1980, after having been arrested on December 2, 1980. His amended motion to quash the indictment, which was filed on March 23, 1981, was granted by the trial court on March 25, 1981. On April 8, 1981, appellant was reindicted for the same offense, albeit a different prior felony conviction in the reindictment replaced one of the prior felony convictions that had been alleged in the original indictment. Thus, for purposes of the Speedy Trial Act, the criminal action commenced on March 25, 1981, the day the first indictment was dismissed. We use the date of March 25th because both before and after the dismissal appellant was incarcerated. The Act expressly provides that in the instance where the indictment, information, or complaint is dismissed on motion of the accused, the criminal action shall be deemed to have commenced "when he is detained."

We also find that the reindictment did not change the State's burden of proof. Cf. *Henson v. State*, 530 S.W.2d 584 (Tex. Cr.App.1975). The only significant difference between the original indictment and the reindictment is that in the reindictment another prior felony conviction replaced one of the prior felony convictions that had been alleged in the original indictment.

We also reject appellant's contention that because there was no indictment pending on April 1st, and no waiver to be tried on an indictment had been executed by appellant, that the State could not have been ready for trial on that date, which was the 120th day from the day the criminal action originally commenced against appellant. We agree with appellant that no indictment was pending against him on April 1st. However, as assistant district attorney Timothy G. Taft of Harris County states in his brief, "[T]he only reason for the State's lack of indictment [on April 1st] was because the appellant had [successfully] moved to quash [the first] indictment... [Thus,] this is not a case such as *Pate v. State*, supra, wherein the State never had an indictment prior to the expiration of the 120 days]." (pp. 3–4 of State's Brief on Appellant's Petition for Discretionary Re-

view.) Also see *Ward v. State,* 659 S.W.2d 643 (Tex.Cr.App.1983), in which this Court overruled *Kernahan v. State,* 643 S.W.2d 210 (Tex.App.-El Paso 1982), which had held that "the existence of a valid charging instrument is as much an element of State preparedness as acquisition of evidence, witness availability and presence of the defendant."

Finding that appellant's contention is without merit, and further finding that the court of appeals reached the right result, its judgment is affirmed.

ONION, P.J., concurs in the result.