Richard Agustus HAWKINS, Appellant,

v.

The STATE of Texas, State.

No. 2–84–333–CR.

Court of Appeals of Texas,
Fort Worth.

June 19, 1985.

Henderson & Snell, Paul Snell, Alley & Alley, Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Russell Saunders, Asst., Fort Worth, for the State.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

Richard A. Hawkins appeals his conviction by the court upon his plea of guilty to the offense of theft of property under $750, enhanced to a third degree felony upon allegation and proof of two prior theft convictions. The State waived other convictions which were alleged for purposes of establishing Hawkins as an habitual offender. Pursuant to a plea bargain, Hawkins received a sentence of ten years in the Texas Department of Corrections. With permission of the trial court, he brings this appeal urging as his sole ground of error that the trial court erred in overruling his motion for dismissal due to denial of a speedy trial.

The judgment is affirmed.

Assistant District Attorney Christopher John Pruitt signed and timely filed the State's written announcement of ready. At the hearing on the motion to dismiss, he testified that he was ready to go to trial at the time he filed the announcement of ready.

A timely announcement of "ready" is a prima facie showing of the State's readiness for trial as required by the Speedy Trial Act. *See Phillips v. State*, 659 S.W.2d 415, 419 (Tex.Crim.App. 1983). When the State announces readiness for trial during the statutory time period applicable to the case, the burden shifts to the defendant to rebut the prima facie showing by producing evidence of the State's unpreparedness for trial. *Smith v. State*, 659 S.W.2d 828, 830 (Tex.Crim.App. 1983).

Hawkins asserts that he has met this burden by showing that the prosecutor in charge of the case had only examined the file to see what witnesses were required and to make sure that he had their addresses and telephone numbers, but that he had not contacted them personally or through an investigator in order to assure himself that they would be available.

While such evidence might establish a possibility that the prosecutor was mistaken in his belief that he was ready, it falls short of establishing that the State was, in fact, not ready at the time in question. There is no showing that any witness required by the State for the trial was unavailable or that any key piece of evidence was unavailable. *See Barfield v. State*, 586 S.W.2d 538 (Tex.Crim.App.1979) and *Prescott v. State*, 649 S.W.2d 671, 672 (Tex. App.—Corpus Christi 1983, no pet.). We have examined the authorities cited by Hawkins and find that none of them is authority for his view that facts such as those presented here mandate dismissal for denial of a speedy trial.

The judgment is affirmed.