**Romulo INIGUEZ, Milagros D. Galiza, A/K/A Vanessa Novar, John Kenneth Coleman, Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. C14–84–800–CR, A14–84–804–CR and B14–84–826–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 20, 1985.

Gregorio Velasquez, Houston, for appellants.

John B. Holmes, Dist. Atty., J. Harvey Hudson, Carol G. Davies, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

Appellants pled nolo contendere to the charge of Aggravated Kidnapping and pursuant to plea bargaining agreements they were each sentenced to fifteen years. Their single ground of error concerns an

alleged violation of the Speedy Trial Act. We disagree with appellants' contentions and we affirm.

The Speedy Trial Act, TEX.CODE CRIM. PROC.ANN. art. 32A.02, § 1(1) (Vernon Supp.1985), provides that the trial court shall grant a motion to set aside an indictment if the state is not ready for trial within 120 days of the commencement of a felony action. All three appellants, co-defendants below, were arrested for and charged with the offense of aggravated kidnapping on March 22, 1984. They were indicted for that offense on June 8, 1984. On June 11, the state announced that it was ready for trial and that it had been since June 8. On October 2, 1984, appellants Iniguez and Galiza moved to quash their June 8 indictments for failure to allege an offense. The trial court granted their motions, and they were reindicted for the same offense on October 4. On November 27, 1984, appellants pled and were sentenced.

█ The Speedy Trial Act expressly provides in Art. 32A.02, § 2(c):

If an indictment, information, or complaint is dismissed on motion of the defendant, a criminal action commences for purposes of the article when a new indictment, information, or complaint against the defendant is filed in court, unless the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is detained or released.

See also *Teamer v. State*, 685 S.W.2d 315 (Tex.Crim.App.1984). Appellants Iniguez and Galiza cannot complain that the state failed to provide a speedy trial, as they entered their pleas less than 120 days from the date of the reindictments.

Appellant Coleman was originally indicted on June 8, 1984, in cause number 400204. On July 18, 1984, he was reindicted in cause number 407129. This indictment merely added two enhancement paragraphs. Coleman's Motion to Quash the Indictment, filed October 2, 1984, was granted and he was reindicted October 4, 1984, in cause number 411657. This final indictment added "without his effective consent" to paragraphs one and two; paragraphs three and four contained the prior alleged enhancement convictions. The date of offense, crime and complainant remained the same in all indictments.

Appellant Coleman pled nolo contendere November 27, 1984, to indictment number 411657. This was approximately fifty-four days after the re-indictment and well within the time limits proscribed by the Speedy Trial Act. On his plea, the state waived paragraphs one, three and four, and the charges against Coleman were reduced to kidnapping. On the same date as the plea, indictment number 400204 was formally dismissed. While there is testimony that indictment numbers 407129 and 411657 were re-indictments of indictment number 400204, for some unexplained reason the original indictment had never been dismissed. Coleman cannot complain of this ministerial delay because he did not plead under indictment number 400204 and has therefore suffered no harm. Appellants' grounds of error are overruled.

█ While we have disposed of appellants' grounds of error by an application of Art. 32A.02, § 2(c) of the Speedy Trial Act we feel it is important to address the thrust of appellants' complaints. The complainant, Jesus Reyes, was in his home in Santo Domingo, Dominican Republic, when these cases were being set for trial. Although the state made a prima facie showing of readiness by filing an announcement of ready on June 11, 1984, appellants attempted to rebut the readiness issue by showing the unavailability of the complainant. The state successfully demonstrated they had been in contact with Mr. Reyes on a weekly basis. However, due to problems that arose with the U.S. Immigration and Naturalization Service, the state was forced to request a "hold" on the trial in order to send a peace officer to escort Mr. Reyes into and out of the country following the trial. We hold that the state is entitled to

whatever delay is reasonable and necessary to secure the presence of an essential witness at time of trial, and that this time shall not count against the state in computing the time limitation under the Speedy Trial Act. *See* TEX.CODE CRIM.PROC. ANN. art. 32A.02, §§ 4(6)(A) and 4(10) (Vernon Supp.1985). We further find that the delay in bringing Mr. Reyes to Houston to testify against these appellants was reasonable and necessary.

We affirm the judgment of the trial court.