**Jessie WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 935–82.

Court of Criminal Appeals of Texas, En Banc.

July 24, 1985.

Michael Lilley, Las Cruces, N.M., Patricia Palafox, Glen Sutherland (court appointed), El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Nick O. Martinez, Jr., and R. Bradford Stiles, Asst. Dist. Attys., El Paso, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

In a joint trial for allegedly committing three separate aggravated robberies, a jury convicted Jesse Wright, appellant, of one of the robberies but, notwithstanding the fact that the other two complaining witnesses positively identified the appellant as

their robber, acquitted him of committing those robberies. Punishment was assessed by the jury at 75 years' confinement in the Department of Corrections. The El Paso Court of Appeals, see *Wright v. State*, No. 08–81–00065, September 22, 1982, affirmed. We granted the appellant's petition for discretionary review to make the determination whether the court of appeals erred in sustaining the trial court's decision to overrule the appellant's motion to dismiss the indictment that is the basis of his conviction in this cause because the State did not comply with the Speedy Trial Act. See Art. 32A.02, V.A.C.C.P. The court of appeals, after finding that "The State filed a timely announcement of ready, nowhere rebutted in the record," held: "The delay in reaching trial in this cause was clearly the product of the state of the court's docket, aggravated by Appellant's voluntary extradition to New Mexico, and his conviction and incarceration in that state. The delay is not attributed to any action by the El Paso prosecuting authority." We disagree with the factual conclusion of the court of appeals, as well as its interpretation of the Speedy Trial Act, and will therefore reverse its judgment. The trial court will be ordered to dismiss the indictment that is the basis of the appellant's conviction in the cause before us.

The Speedy Trial Act became effective on July 1, 1978. Thus, it only has prospective application from that date. *Wade v. State*, 572 S.W.2d 533 (Tex.Cr. App.1978); *Goocher v. State*, 633 S.W.2d 860 (Tex.Cr.App.1982). The time for which the State was required to be ready for trial in this cause, for Speedy Trial Act purposes, commenced on July 1, 1978. *County v. State*, 668 S.W.2d 708 (Tex.Cr.App. 1984).

The record reflects that the State's only announcement of ready in appellant's cause occurred on July 3, 1978. The record also reflects that on September 5, 1978, a pro se motion to dismiss the indictment, because the State had not complied with the Speedy Trial Act, was filed with the trial court. A deputy district Clerk, after filing the mo-

tion, wrote appellant, who was then situated in Santa Fe, New Mexico, in the custody of New Mexico authorities, and advised him that the motion had been filed and that it had been "referred to the District Attorney for further action," and that "Any further correspondence please address the District Attorney's Office." Until April 25, 1979, the trial court took no action on this motion.

On April 19, 1978, a pretrial hearing on the appellant's "Motion to Withdraw Motion for Continuance," because the appellant was in jail in Las Cruces, New Mexico, was conducted by the trial court, during or after which hearing the motion for continuance was withdrawn. The appellant was thereafter returned to New Mexico the same day, where he remained until January, 1979, when he was returned to El Paso County to stand trial on the pending indictments.

The record reflects that on April 25, 1979, prior to trial, the trial court conducted hearings on the pretrial motions that the appellant had filed, one of which was his pro se motion to dismiss the indictment in this cause that had been filed on September 5, 1978, wherein he asserted that the State had not complied with the Speedy Trial Act.

Appellant's uncontroverted testimony at the hearing that was held on April 25, 1979, on his motion to dismiss, reflects that from March, 1978, when he voluntarily waived extradition to New Mexico, until April 19, 1978, he was in the custody of New Mexico authorities, at which time he was returned to El Paso County, but was released to New Mexico authorities and returned to New Mexico the same day that he arrived in El Paso County. Appellant remained in New Mexico until January, 1979, when he was returned to El Paso County, where he remained until his trial occurred.

The evidence clearly reflects that when the State filed its announcement of ready on July 3, 1978, the appellant was not in El Paso County, but, instead, was incarcerated in New Mexico, where he was either serving a sentence of something like 99 to 120 years' confinement for one or more

convictions he had sustained in New Mexico for crimes committed in that State, or was awaiting sentencing. The State never made any showing that the failure to return the appellant from New Mexico to El Paso County was due to delay caused by any New Mexico proceeding, see *Ex parte Hilliard,* 687 S.W.2d 316, 317 (Tex.Cr.App. 1985), and Art. 32A.02, Sec. 4(1), supra, nor did the State show due diligence in attempting to have him brought back to El Paso County prior to January, 1979.

Because the Speedy Trial Act addresses itself to prosecutorial delay rather than to the judicial process as a whole, and because the question of the preparedness of the prosecution does not encompass the trial court and its docket, we need not consider the testimony of the deputy clerk concerning the trial court's docket. See *Philen v. State,* 683 S.W.2d 440 (Tex.Cr.App.1984); *Lee v. State,* 641 S.W.2d 533 (Tex.Cr.App. 1982).

A written or oral announcement of readiness by the State creates a prima facie case that the State is ready for trial, thus shifting the burden to the defendant to establish, if he can, that the State was in fact not then ready for trial. See *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979), *Teamer v. State,* 685 S.W.2d 315 (Tex.Cr. App.1984); *Philen v. State,* supra; *Newton v. State,* 641 S.W.2d 530 (Tex.Cr.App.1982); *Phipps v. State,* 630 S.W.2d 942 (Tex.Cr. App.1982); *Fraire v. State,* 588 S.W.2d 789 (Tex.Cr.App.1979). The absence of the defendant from the jurisdiction of the trial court is a circumstance that prevents the State from being ready for trial as contemplated by the Speedy Trial Act. *Lyles v. State,* 653 S.W.2d 775 (Tex.Cr.App.1983). Once the prima facie showing of readiness has been rebutted by the defendant, it then becomes incumbent upon the State to prove or establish that there were excludable periods of delay that would extend the initial time limitation. *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980).

In this instance, absent a showing of diligent effort by the State to secure the appellant's presence from New Mexico for trial between July 1, 1978, and October 29, 1978, the State's announcement of ready on July 3, 1978, became ineffective for Speedy Trial Act purposes. *Stokes v. State,* 666 S.W.2d 493 (Tex.Cr.App.1983); *Lee v. State,* supra; *Newton v. State,* supra. The State, however, made no such showing; thus, since the State failed to exercise due diligence to obtain appellant's presence for trial, the Speedy Trial Act was not tolled during his absence while in the custody of the New Mexico authorities. Appellant was not afforded his rights under the Speedy Trial Act. He effectively rebutted the State's announcement of ready that was made on July 3, 1978, and was entitled to have his motion to dismiss his indictment granted because the State failed to comply with the Speedy Trial Act. The trial court erred in overruling his motion to dismiss the indictment.

The judgment of the court of appeals is reversed and the cause is remanded to the trial court with instructions to dismiss the indictment in this cause.

ONION, P.J., and McCORMICK and WHITE, JJ., dissent.

CLINTON, J., not participating.