John Steven DAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0145–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 3, 1985.

William C. Meyer, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Calvin A. Hartman, Vic Wisner, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, DUGGAN and HOYT, JJ.

## OPINION

JACK SMITH, Justice.

A jury found appellant guilty of the misdemeanor offense of injury to a child. The trial judge assessed his punishment at a fine of $500 plus six months confinement, probated for one year. The sufficiency of the evidence to support the finding of guilt is undisputed. In his sole ground of error, appellant contends that the trial court erred in overruling his motion to dismiss for failure to comply with speedy trial requirements.

The State must be ready for trial within 90 days of the commencement of a criminal action for a misdemeanor punishable by a sentence of more than 180 days. Tex.Code Crim.P.Ann. art. 32A.02 sec. 1(2) (Vernon Supp.1985). The criminal action commenced in this case when appellant was arrested on October 10, 1984. *See id.* at sec. 2(a). The State announced ready on January 14, 1985, the 96th day of the case. When the State announces ready and there is no challenge to this announcement by an accused, it will be presumed that the State was ready. *Fraire v. State*, 588 S.W.2d 789, 791 (Tex.Crim.App.1979). At the hearing on appellant's motion to dismiss, the

State's written announcement of ready for trial was introduced in evidence without objection from appellant. There is nothing in the record to indicate appellant challenged this announcement before he filed his brief in this appeal. Appellant now contends that the State could not have been ready on January 14, because readiness requires the State to secure the presence of the defendant in court. *Lyles v. State*, 653 S.W.2d 775, 777–78 (Tex.Crim.App.1983) (en banc).

This case was originally filed as a felony complaint in the 177th District Court. An indictment against appellant was not returned until December 19, 1984. Because the indictment described a misdemeanor, the case was transferred to County Criminal Court at Law No. 3 on January 8, 1985. Appellant did not appear in the county court until February 1, 1985. Appellant appeared several times in the district court, including one time after his indictment. Appellant made his first appearance in court and posted bond on October 11, 1984, the day after his arrest.

Appellant relies on the fact that he not only did not personally appear in the county court until February 1, but also that he did not post bond on the misdemeanor indictment until January 26, and he was never arrested after the case was transferred to county court. In *Lyles*, the appellant never appeared in court and was neither in custody nor on bond, because the bond submitted upon his arrest in Robertson County was unacceptable to the Harris County Sheriff. The State made no effort to secure another warrant of arrest or to obtain the presence of the appellant within the 90 day period, even though the State had appellant's address and could have secured his presence with a summons (which it eventually did). *Lyles*, 653 S.W.2d at 778.

In the present case, the appellant had appeared four times in court while awaiting indictment and once after indictment. The State had no reason to doubt that he would appear when called to trial. It was not necessary that appellant be physically in court at the moment the State made its announcement of ready. The transfer between the courts, necessitated by appellant's being indicted for a lesser offense than that originally charged, does not compel the conclusion that appellant's presence had not been secured in court. But even if it be assumed that appellant's presence had not been secured in the county court on January 14, 1985, then it was secured on January 26, when appellant posted bond, or at least on February 1, when appellant appeared in county court after indictment. Even if the State be deemed not ready for trial until February 1, the State was still within the prescribed time limit, because the State is entitled to exclude "period[s] of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel, except that a defendant without counsel is deemed not to have consented to a continuance unless the court advised him of his right to a speedy trial and of the effect of his consent." Tex.Code Crim.P. Ann. art. 32A.02 sec. 4(3) (Vernon Supp. 1985).

In *Teamer v. State*, 685 S.W.2d 315 (Tex. Crim.App.1984) (en banc), the Court of Criminal Appeals cast doubt on whether an agreed resetting is sufficient to toll the running of the speedy trial period if the reset form is signed only by the prosecutor, the appellant's attorney, and a court coordinator. The Court of Criminal Appeals affirmed Teamer's conviction, because another exclusion was applicable—the first indictment had been dismissed on Teamer's own motion. Regarding resets, the Court said, "The 'agreed resettings,' however, do not reflect that they occurred only at the insistence of the appellant. They were neither signed by the appellant nor approved by the trial judge." *Id.* at 318. We do not construe the Court of Criminal Appeals' statement to hold that time for resettings is excludable only if the defendant insisted upon the resetting or only if the form is signed by the judge. The language of the statute is to the contrary.

The record reflects that there were five resettings in the instant case. Two were agreed resettings signed by appellant, his counsel, and the State's attorney. One was signed on October 25, 1984, resetting for November 8. The other was signed on January 2, 1985, resetting for January 17. These two resets represent a total of 29 days that should be excluded from the speedy trial time period.

It is immaterial whether we use January 14 (State's announcement of ready), or January 26 (date appellant filed his bond), or February 1 (date appellant made his appearance in the County Court) to compute the number of days for purposes of meeting the requirements of the Speedy Trial Act. From October 10, 1984, to February 1, 1985, the longest period of time suggested by appellant, is 114 days. When the 29 days of agreed resettings are deducted, 85 days remain chargeable to the State. This is well within the 90 days limitation prescribed in the Speedy Trial Act.

We hold that the State was ready within the time prescribed by art. 32A.02. Appellant's ground of error is overruled.

The judgment is affirmed.