**Mary Jo NEESON, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 05–85–01047–CR.

Court of Appeals of Texas,
Dallas.

Sept. 22, 1986.

Tom Benson, Ruth Lown, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before WHITHAM, HOWELL and STEWART, JJ.

HOWELL, Justice.

Mary Joe Neeson appeals her conviction for possessing more than five but less than fifty pounds of marijuana. She asserts in a single ground of error that the case should have been dismissed for violation of the Speedy Trial Act. We affirm the trial court's judgment.

The primary question is whether the prosecution acted to secure appellant's presence within the statutory period. We hold that appellant's presence was secured when the sheriff accepted her appearance bond and that the clerical errors leading to a delay in scheduling the case for trial were not chargeable to the prosecution.

Appellant was arrested for this offense on September 17, 1984, but was released from custody the following day when the sheriff accepted appellant's "habeas corpus and appearance bond." The sheriff delivered this document to the central office of the Dallas County District Clerk where the instrument was filed so that it could be retrieved in the event that the State filed formal charges against appellant. On October 24, the grand jury returned a true bill of indictment and a capias was issued. The capias was returned October 27, but appellant remained at liberty by virtue of the bond. The case was assigned to a trial court and the file on appellant's case was delivered to the courtroom deputy, but through oversight the bond was not included. Consequently, personnel in the courtroom incorrectly noted on the trial court's docket sheet that appellant was "unapprehended." On November 8, within fifty-three days of appellant's arrest, the prosecuting attorney filed a written announcement that the State was ready for trial. Nevertheless, the case was not scheduled for trial because court personnel believed that appellant was still at large. The matter languished in the trial court until the following May, when the bond was found in the clerk's central office and forwarded to the trial court. Appellant's case was set for trial on May 27, but, for reasons not germane to this appeal, the actual trial was not held until July. Appellant only complains of the delay between September 17, 1984 and May 27, 1985.

■ From these facts, we must determine whether the delay between appellant's arrest and her first trial setting constituted a violation of the Speedy Trial Act. Appellant was charged with a felony offense. *See* Tex.Rev.Civ.Stat.Ann art. 4476–15, § 4.051(b)(4) (Vernon Supp.1986) (classifying possession of more than five but less than fifty pounds of marijuana as a second-degree felony). Consequently, it was incumbent upon the State to be ready for trial within 120 days from the earlier of either when the accused was arrested for the offense or when formal charges were filed. *Carr v. State*, No. 337–83 (Tex.Crim. App., Sept. 19, 1984) (not yet reported); Tex. Code Crim.Proc.Ann. art. 32A.02, §§ 1(1), 2(a) (Vernon Supp.1986). Readiness for trial, within the meaning of the Speedy Trial Act, encompasses three elements: first, the State must have filed a formal charging instrument such as an indictment or information; *Buford v. State*, 657 S.W.2d 107, 108 (Tex. Crim.App.1983); second, it must have secured the presence of the defendant for trial; *Newton v. State*, 641 S.W.2d 530, 531 (Tex.Crim.App.1982); and, third, it must be ready to proceed with its evidence. *See Wright v. State*, 719 S.W.2d 188 (Tex.Crim. App., 1985). If the accused rebuts the State's prima facie evidence of its readiness in any one or more of these respects, then the burden is upon the State to demonstrate that any delay in excess of the statutory period falls within a statutory exception. *See Smith v. State*, 659 S.W.2d 828, 830 (Tex.Crim.App.1983); *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Crim.App. 1979). Presently, the State did not invoke an exception. The question, therefore, narrows to the determination of whether or not the State sufficiently secured the presence of the defendant for trial.

■ Appellant argues first that the State failed to secure her presence because it did not provide an occasion for her to enter a physical appearance in the trial court within 120 days of her arrest. We

cannot agree that securing an accused's presence is the equivalent of causing the accused to appear in court in person. *See Flores v. State*, 647 S.W.2d 363, 365–66 (Tex.App.—Corpus Christi 1982, no pet.) (Nye, C.J., dissenting). It is well-settled that the Speedy Trial Act only encompasses prosecutorial rather than judicial delay. *Barfield*, 586 S.W.2d 540–541. The Speedy Trial Act does not require that the State attempt to schedule the case for trial or that the case proceed to trial within the time specified by the act. *See Teamer v. State*, 685 S.W.2d 315, 319 (Tex.Crim.App. 1984); *Phillips v. State*, 659 S.W.2d 415, 419 (Tex.Crim.App.1983); *Karpeal v. State*, 628 S.W.2d 520, 524 (Tex.App.—Forth Worth 1982, pet. ref'd).

■ Appellant posted a habeas corpus and appearance bond on the day after her arrest and was released from custody. The bond provided that appellant promised to either appear for a hearing on her application for a writ of habeas corpus or, if she were formally charged with an offense before the habeas corpus hearing date, to appear for all proceedings relevant to the disposition of this cause. When the post-indictment capias issued and was executed, the bond, by its terms, became an appearance bond. "The primary purpose of an appearance bond is to *secure the presence of a defendant* at court upon trial of the accusations against him." *Fly v. State*, 550 S.W.2d 684, 685 (Tex.Crim.App.1977) (emphasis added); *see also McConathy v. State*, 528 S.W.2d 594, 596 (Tex.Crim.App. 1975). Consequently, we hold that appellant's presence was secured for purposes of the Speedy Trial Act on October 27, when the bond became operative, to the same degree as if she had been taken into physical custody on that date and held in jail pending the trial of her cause.

■ Appellant also contends that she rebutted the State's prima facie case of readiness because she showed that the prosecutor was not aware that she had been released on bail when he filed his written announcement that the State was ready for trial. We cannot agree. The prosecutor testified during the hearing on her motion to dismiss that even though her case file bore the notation that appellant was "unapprehended", it contained information to indicate that she had been arrested. He stated that, from his knowledge of the workings of the system, that appellant was either released on bail or awaiting trial in jail. This testimony was sufficient to show that he knew that her presence for trial was secured.

Further, we are not convinced that showing that the prosecutor did not know whether appellant was truly "unapprehended" would be sufficient to rebut or invalidate the prima facie case of readiness which attaches when the State timely files an announcement of ready. "While such evidence might establish a possibility that the prosecutor was mistaken in his belief that he was ready, it falls short of establishing that the State was, in fact, not ready at the time in question." *Hawkins v. State*, 692 S.W.2d 592, 593 (Tex.App.—Fort Worth 1985, pet. ref'd).

■ In essence, appellant claims that the prosecutor's failure to ascertain her true status and correct the mistaken impression of the trial court's personnel that she was unapprehended caused an inexcusable delay that should be remedied by the dismissal of the charges against her. She argues that the prosecuting attorney's concession that he did nothing to alleviate the impasse created by the clerk's mishandling of her appearance bond because he had too many cases is an insufficient excuse and an attitude condemned in *Lyles v. State*, 653 S.W.2d 775, 779 (Tex.Crim.App.1983). However, the distinction between *Lyles* and the instant case is that in *Lyles* the defendant's presence was never secured because he was neither in physical nor constructive custody. The sheriff of the county in question did not have him in custody and refused to accept his bond. It is undisputed that the sheriff in the present case accepted appellant's bond. The delay was primarily caused by the mishandling of the bond by an operative of the judiciary for whom the prosecutor had no responsibility.

*Cf. Parkhill v. State,* 644 S.W.2d 14, 15 (Tex.App.—Dallas 1982, no pet.) (holding that delay in transfer of file between courts was administrative rather than prosecutorial delay).

Although the failure of the prosecuting attorney to verify appellant's status and inform the court of the error in its records is not to be commended, we decline to hold that the Speedy Trial Act requires the reversal of appellant's conviction for two reasons. First, even though the prosecuting attorney may have neglected an ethical, moral or legal duty, he did not breach a duty imposed by the Speedy Trial Act. Second, appellant has not raised the claim that she was deprived of her constitutional guarantee of a speedy trial. She was at large during the period in question and presented no evidence that she was prejudiced in her defense by any delay. We need not further explore whether the delay would have constituted a violation of a constitutional right to a speedy trial. *See* Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979).

The judgment of the trial court is affirmed.