**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 15, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00929-CV

---

## IN RE SAIDA MORENO, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-01242**

---

## MEMORANDUM OPINION

On November 21, 2014, relator Saida Moreno filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jeff Shadwick, presiding judge of the 55th District Court of Harris County, to vacate an order expunging a lis pendens filed by relator. We deny the petition.

## I. BACKGROUND

The underlying litigation is a suit filed by Moreno against real party in interest Edgar Reyna regarding a purported executory contract under which Moreno was to purchase real property in Baytown, Texas from Reyna. In her suit, Moreno alleges several violations by Reyna of the Texas Property Code and asserts claims for deceptive trade practices, breach of contract, and fraud. As relief, Moreno seeks cancellation and rescission of the purported contract, damages (including a refund of approximately $30,000 in payments allegedly made under the contract), attorney's fees, and costs. Moreno also has pled for the establishment of "an equitable purchaser's lien against the Property to secure the judgment against Defendant and that the lien be foreclosed to recover the judgment."

After filing her original petition, Moreno filed a lis pendens with the Harris County Clerk noting the pendency of the underlying litigation. Thereafter, Reyna filed a motion with the trial court to expunge the lis pendens pursuant to section 12.0071 of the Texas Property Code. In his motion, Reyna argued that Moreno's suit is one for damages only, and, consequently, does not satisfy the criteria for a lis pendens in section 12.007 of the Property Code. Reyna further argued that Moreno's plea to establish and foreclose on an equitable purchaser's lien is not a sufficient direct interest in the property to qualify for a lis pendens, citing the decision in *In re Cohen*, 340 S.W.3d 889, 899 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). After receiving a response from Moreno, the trial court granted Reyna's motion on November 20, 2014. Moreno then filed this original proceeding challenging the trial court's expunction of the lis pendens.

## II. THE MANDAMUS STANDARD

Generally, mandamus relief is appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it: (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law; (2) clearly fails to correctly analyze or apply the law; or (3) acts without reference to any guiding rules or principles. *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 449–50 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

## III. ANALYSIS

"Lis pendens provides a mechanism for putting the public on notice of certain categories of litigation involving real property." *Prappas v. Meyerland Cmty. Improvement Ass'n*, 795 S.W.2d 794, 795 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *see also In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) ("A lis pendens is a notice of litigation, placed in the real property records, asserting an interest in the property, and notifying third parties that ownership of the property is disputed."). By statute, a lis pendens may be filed with respect to a pending eminent domain proceeding or a lawsuit

"involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." Tex. Prop. Code Ann. § 12.007(a) (West 2014).

Once a lis pendens has been filed, the statute provides two routes for removal of the lis pendens: (a) expunction, pursuant to section 12.0071 of the Property Code; and, (b) cancellation, pursuant to section 12.008 of the Property Code. Reyna moved for expunction of the lis pendens pursuant to section 12.0071, and therefore the expunction provision is the focus of this original proceeding. Section 12.0071 identifies three circumstances in which the trial court "shall order the notice of lis pendens expunged." Tex. Prop. Code Ann. § 12.0071(c) (West 2014). One of those circumstances is when the trial court "determines that [ ] the pleading on which the notice is based does not contain a real property claim." Tex. Prop. Code Ann. § 12.0071(c)(1) (West 2014). This is the ground upon which Reyna's motion was based.

Although section 12.0071 was enacted only in 2009, subsection (c)(1) reflects the practice that existed prior to the enactment of that provision whereby a party could obtain cancellation of a lis pendens when the pleadings in the lawsuit to which the lis pendens relates did not contain an assertion of an interest in real property that fell within the categories for which the statute provides that a lis pendens may be filed. *See Cohen*, 340 S.W.3d at 892–93; *see also Nat'l City Bank of Ind. v. Ortiz*, 401 S.W.3d 867, 903–04 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (Frost, J., dissenting op. on reh'g). Therefore, cases dating from before the enactment of subsection (c)(1) remain instructive in applying this provision. *Cohen*, 340 S.W.3d at 893.

4

For Moreno to be entitled to mandamus relief, she has the burden of demonstrating to this court that her petition in the underlying litigation "contain[s] a real property claim." Tex. Prop. Code Ann. § 12.0071(c)(1) (West 2014). In other words, Moreno must demonstrate that the underlying litigation is "an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." Tex. Prop. Code Ann. § 12.007(a) (West 2014); *see also Cohen*, 340 S.W.3d at 892–93. Moreno relies on her plea for the establishment and foreclosure of an "equitable purchaser's lien" as the basis for the lis pendens. We conclude that Moreno's asserted interest does not qualify for a lis pendens.

First, Moreno's lawsuit is not "an action involving title to real property." Tex. Prop. Code Ann. § 12.007(a) (West 2014). Moreno does not allege in the underlying litigation that she took title to the subject property through her agreement with Reyna. *Cf. Morton v. Nguyen*, 412 S.W.3d 506, 512 (Tex. 2013) (holding buyer in contract-for-deed transaction receives equitable title only after all payments have been made). And, by seeking cancellation of the purported executory contract and a refund of the money paid pursuant to the contract, Moreno is not asserting a claim of ownership in the subject property.

Also, Moreno's lawsuit is not "an action involving . . . the enforcement of an encumbrance against real property." Tex. Prop. Code Ann. § 12.007(a) (West 2014). Although Moreno pled for the establishment and foreclosure of an equitable lien on the subject property, the equitable lien she seeks does not yet exist. Section 12.007(a) "is not applicable where such lien does not exist prior to rendition of judgment under some provision of contract, statute or the constitution." *Lane v.*

*Fritz*, 404 S.W.2d 110, 112 (Tex. Civ. App.—Corpus Christi 1966, no writ) (construing similar language in predecessor statute).

Thus, the only remaining ground to support a lis pendens in this case would be if Moreno's plea for an equitable purchaser's lien falls within the category of "an action involving . . . the establishment of an interest in real property." Tex. Prop. Code Ann. § 12.007(a) (West 2014). It does not. In evaluating claims pertaining to real property for purposes of the lis pendens statute, Texas courts generally have distinguished between claims in which a party asserts a direct interest in real property, which qualify for a lis pendens, and claims in which a party asserts only a collateral interest in real property, which do not qualify for a lis pendens. *See, e.g.*, *Cohen*, 340 S.W.3d at 892, 898–99; *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex. App.—Austin 2007, pet. denied). An examination of Moreno's plea for an equitable purchaser's lien reveals that it is an assertion of a collateral interest, and thus does not qualify for a lis pendens.

Moreno's explicit purpose for requesting the lien in the underlying litigation is solely to ensure her recovery of damages in the event of judgment in her favor. She alleges no other interest in the subject property. *Cf. Cullins v. Foster*, 171 S.W.3d 521, 533 & n.12 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (noting purchaser who has not fully performed obligations under contract for deed has only an equitable right to complete the contract). When the asserted interest in the real property is merely to secure the award of a possible judgment, the Supreme Court of Texas and this court have considered such an interest a collateral interest insufficient to qualify for a lis pendens. *See Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (per curiam) (orig. proceeding); *Moss v. Tennant*, 722 S.W.2d

6

762, 763 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding); *Helmsley-Spear of Tex., Inc. v. Blanton*, 699 S.W.2d 643, 645 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding).

## IV. CONCLUSION

Having not established that her pleading in the underlying litigation contains a real property claim, relator has not demonstrated that the trial court abused its discretion in expunging the lis pendens. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Busby.